IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. OBERPRILLER, ) | |
| ) Petitioner, ) | No. C 09-3693 CRB (PR) |
| ) vs. ) | ORDER TO SHOW CAUSE |
| ) C. NOLL, Acting Warden, ) | (Docket # 2) |
| ) Respondent. ) | |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BPH") March 4, 2008 decision to deny him parole.

Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.  Good cause appearing therefor, petitioner's motion to proceed IFP (docket # 2) is granted.

**BACKGROUND**

On December 15, 1983, petitioner was sentenced to an indeterminate term of 25 years to life in state prison after a jury in San Bernardino County Superior Court found him guilty of first degree murder.

Petitioner has been found not suitable for parole each time he has appeared before the BPH. On July 15, 2009, the Supreme Court of California denied review of his challenge to the BPH's decision of March 4, 2008.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner seeks federal habeas corpus relief from the BPH's March 4, 2008 decision finding him not suitable for parole, and denying him a subsequent hearing for two years, on the ground that the decision does not comport with due process. Petitioner specifically claims that the decision is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public and is based solely on the unchanging facts of the crime. Liberally construed, petitioner's claim appears colorable under § 2254 and merits an answer from respondent. See Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections). Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003) (same).

/

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED:   March 10, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.09\Oberpriller, W2.osc.wpd